UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| MICHAEL WILSON | * | CIVIL ACTION NO.: 3:15-cv-01416-RGJ-KLH |
| | * | |
| VERSUS | * | JUDGE:  ROBERT G. JAMES |
| | * | |
| LIBERTY MUTUAL INSURANCE COMPANY | * | MAGISTRATE:  KAREN L. HAYES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF LIBERTY MUTUAL INSURANCE COMPANY'S MOTION *IN LIMINE*[1] TO STRIKE
<u>PREVIOUSLY UNDISCLOSED WITNESSES</u>**

Defendant Liberty Mutual Insurance Company submits this memorandum in support of its motion to strike Wilson's previously undisclosed witnesses. Wilson filed an updated witness list two days ago on April 18, 2016, disclosing two new witnesses for the first time in this litigation. Indeed, these witnesses were not identified in Wilson's discovery responses, nor were they identified on the witness list Wilson delivered to Liberty Mutual on November 6, 2015. The disclosure of these witnesses now, only four weeks before trial, and after the discovery cut-off is extremely prejudicial. Importantly, Wilson failed to supplement his discovery responses as he is required to do under Federal Rule of Civil Procedure 26(e) and per this Court's Scheduling Order. Wilson's violation of this Court's Scheduling Order and the discovery rules will severely prejudice Liberty Mutual's ability to prepare its defense to any testimony from these witnesses at the May 16, 2016 trial if these witnesses are not stricken.

---

[1] Liberty Mutual understands that this Court's Scheduling Order dictates that motions in limine were to be filed by April 1, 2016.  However, the facts giving rise to the filing of this motion in limine occurred two days ago.

## I.     BACKGROUND

On July 10, 2015, this Court issued a Scheduling Order governing this case. *See* Rec. Doc. 10. The Scheduling Order required Wilson to exchange his witness list with Liberty Mutual on or before November 6, 2015 and further *required* parties "to supplement their lists immediately with the names of any additional witnesses who become known after the date the initial witness list is due." *See id.* Notwithstanding this deadline, Wilson waited until less than four weeks before trial and after the discovery cutoff to identify two previously undisclosed witnesses – Dr. John Braud and Troy Shows *See* Rec. Doc. 22.

Liberty Mutual sent written discovery requests to Wilson shortly after this Court entered its Scheduling Order, in July 2015. *See* Liberty's Interrogatories and Request for Production of Documents to Wilson, attached as Exh. A. In response to Liberty Mutual's request to "identify all witnesses you will call or may call to testify at trial of this matter and identify whether each witness is a fact or expert witness and state the anticipated substance of his or her testimony," Wilson responded, "all parties identified herein, all fact witnesses except healthcare providers." *See* Exh. B Resp. to Interrog. No. 10. The only healthcare providers that Wilson identified as having sought treatment with as a result of this accident were Drs. Ronald Woods, Douglas Brown, and Rolf Morstead. *See* Exh. B Resp. to Interrog. No. 3. Wilson never supplemented this response as he is required to do under the Rules of Civil Procedure and per this Court's Scheduling Order. Nevertheless, two days ago and less than four weeks before trial, Wilson filed a witness list identifying two additional witnesses for the first time. While some of these individuals' names appear in some of Wilson's medical records, Wilson had never previously indicated that he intended to call any of these medical providers as witnesses.

## II.    LAW AND ARGUMENT

Federal Rule of Civil Procedure, Rule 26(e) provides that a party "who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure response." *Paulsen v. State Farm Ins. Co.*, No. 06-9546, 2008 WL 449783, at *2 (E.D. La. Feb. 15, 2008), *citing Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 764 (5th Cir. 1989). Importantly, a party who has not made disclosures pursuant to Rule 26 (e) cannot use witnesses or documents "on a motion, at a hearing, or a trial." *Id.*, *citing Tex. A & M Research Found v. Magna Transp., Inc.*, 338 F.3d 394, 401-02 (5th Cir. 2003).  In addition, Rule 37 (c) provides, in pertinent part:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.* In addition to or instead of this sanction, the court . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). (emphasis added).

In evaluating whether the failure to disclose is harmless or substantially justified, courts consider the following: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Paulsen*, 2008 WL 449783 at *2, *citing Tex. A & M,* 338 F.3d at 402. Wilson's failure to previously disclose two witnesses is neither harmless nor substantially justified.

Indeed, Liberty Mutual propounded discovery on Wilson nine months ago on July 22, 2015. Wilson never identified any of the medical providers that are the subject of this motion to strike.  Importantly, in response to written discovery, Wilson was specifically asked to identify all persons with information or knowledge about the claims in his petition as well as the identity of all trial witnesses. Wilson failed to identify Dr. John Braud and Troy Shows. At a minimum,

3

Wilson should have supplemented his discovery responses under Rule 26(e) and per this Court's Scheduling Order as he was required to do if these witnesses were important. Even if these medical providers' testimony could be construed as important (which Liberty Mutual disputes), the Fifth Circuit has held that "the importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *See Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990). The first *Paulsen* factor does not support admitting the testimony of these previously undisclosed witnesses.

Next, Liberty Mutual will be severely prejudiced if these medical providers are allowed to testify at trial. The three-day jury trial is scheduled to begin in less than four weeks on May 16, 2016, and the discovery deadline has passed. Admission of these witnesses' testimony at this late date will force Liberty Mutual to seek further discovery, including retaining additional expert witnesses to rebut these witnesses' opinions. *See Paulsen,* 2008 WL 449783 at * 3 (holding that the introduction of "newly disclosed witnesses would prejudice State Farm, which will be unable to depose these witnesses and, if necessary, retain its own witnesses to rebut the same."). It will be nearly impossible to coordinate schedules and depose two (and possibly more) witnesses in less than four weeks. Moreover, Liberty Mutual would likely need additional time, after deposing these witnesses, to prepare any motions relating to their testimony and/or retain additional experts to address their testimony.

Wilson's failure to previously disclose these two witnesses cannot be cured by continuing the trial. *See Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) ("[A] party's violation of the court's scheduling order should not routinely justify a continuance."). And Wilson cannot offer any explanation for his failure to timely identify these witnesses or for his failure to supplement his written discovery responses under Rule 26(e). This

4

Court's Scheduling Order is perfectly clear: Wilson's witness list was to be delivered to Liberty Mutual by November 6, 2015 and he was *required* to supplement his list immediately with the names of any additional witnesses who became known later.  Wilson failed to comply with this Court's order and can offer no good reason for the delay. Nor can he explain why he failed to supplement his discovery responses. To the extent Wilson contends that he was not required to supplement his discovery responses because Liberty Mutual already knew these medical providers existed, Liberty Mutual was not aware that Wilson intended to use the witnesses at the upcoming trial. *See Moore v. BASF Corp.*, 2012 WL 4344583, at * 2 (E.D. La. September 21, 2012), *citing Paulsen*, 2008 WL 449783, at *3 (holding that "party's awareness of individual did not translate into knowledge that the person would be used as a witness"). Therefore, the fourth *Paulsen* factor does not support admitting the testimony of the previously undisclosed witnesses.

Rule 37(c) identifies the sanctions a court may impose for a party's failure to comply with Rule 26(e), one of which is "dismissing the action or proceeding in whole or in part." Liberty Mutual, recognizes, however, that dismissal is an extreme remedy which is "usually improper if a less drastic sanction would substantially achieve the desired deterrent effect of Fed.R.Civ.P. 37"). *Lawrence v. Gusman*, No. 12-2816, 2013 WL 6086008 at * 2 (E.D. La. Nov. 18, 2013) (court imposed remedy set forth in scheduling order rather than dismiss plaintiff's claim). A less drastic measure exists here. Liberty Mutual requests that its motion be granted and that Dr. John Braud and Troy Shows be excluded from testifying at trial, because they were not previously disclosed.

Respectfully submitted,

*/s/ Kimberly R. Silas*
H. Minor Pipes, III, 24603
Kimberly R. Silas, 33371
BARRASSO USDIN KUPPERMAN
    FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
Facsimile: (504) 589-9701
mpipes@barrassousdin.com
ksilas@barrassousdin.com

*Attorneys for Liberty Mutual Insurance Company*

## CERTIFICATE

I hereby certify that on the 20th day of April, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Kimberly R. Silas*

*1180020v1*