# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **MICHAEL WILSON** | * | **CIVIL ACTION NO.  15-1416** |
| **VERSUS** | * | **MAG. JUDGE KAREN L. HAYES** |
| **LIBERTY MUTUAL INSURANCE COMPANY** | * | |

### MEMORANDUM ORDER

Before the court is an out-of-time motion in limine to strike two previously undisclosed witnesses [doc. # 26] filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual"). The motion is opposed. [doc. # 28].  For reasons assigned below, the motion is DENIED.

### Law

Succinctly stated,

> [a] motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir.1977) (citation omitted).

Here, the underlying basis for defendant's motion in limine is grounded in Rules 26 and 37, and the court's scheduling order.

Unless the court orders otherwise, a party must disclose to other parties, and file in the record certain information about evidence that it may present at trial *other than solely for impeachment*, to wit:

> **(i)** the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;
> **(ii)** the designation of those witnesses whose testimony the party expects to

present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

**(iii)** an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

Fed.R.Civ.P. 26(a)(3).

A court is required to issue a scheduling order that may modify the timing of disclosures under Rules 26(a) and 26(e)(1).  Fed.R.Civ.P. 16(b)(1) & (3).  In this case, the court issued a scheduling order that contained the following pertinent dates,

| | | |
|---|---|---|
| 1) | Plaintiff's witness list delivered to defendant | November 6, 2015 |
| 2) | Identify Experts to Opposing Parties | November 27, 2015 |
| 3) | Plaintiff's Expert Report Deadline | December 8, 2015 |
| 4) | Defendants' Expert Report Deadline | January 7, 2016[1] |
| 5) | Deadline to File Exhibit and Witness Lists | April 18, 2016 |

(July 10, 2015, Sched. Order [doc. # 10]).

The order further explained that "[t]reating health care providers are not considered experts under the Federal Rules of Civil Procedure and not subject to the provisions for experts in this Scheduling Order.  However, the Court requires that reports of treating health care providers be furnished to opposing counsel immediately upon receipt."  *Id.*

In addition to Rule 26(a)'s disclosure obligations, as modified by the scheduling order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Fed.R.Civ.P. 26(b)(1).  Thereafter,

---

[1]  Upon defendant's motion, the court extended defendant's expert deadline by 45 days, i.e., until February 22, 2016.  (Jan. 20, 2016, Order [doc. # 14]). The 45th day fell on a Sunday. Therefore, defendant had until the next business day.  Fed.R.Civ.P. 6(a)(1)(C).

> [a] party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed.R.Civ.P. 26(e).

Furthermore,

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed.R.Civ.P. 37(c)(1).

Finally, once issued, "a schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).[2]  Good cause is met when the party seeking relief demonstrates that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S&W Enters., L.L.C., supra.*  Furthermore, "[i]n the context of an

---

[2]  Rule 16(b) also governs amendment of pleadings after a scheduling order deadline has expired.  *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003)

untimely motion to submit expert reports, designate experts, or amend the pleadings, the Fifth

Circuit applies a four-factor balancing test to determine whether good cause exists:  (1) the

explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed

modification to the scheduling order; (3) potential prejudice; and (4) the availability of a

continuance to cure such prejudice."  *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp.2d 488,

493 (S.D. Tex. Jan. 21, 2009) (citing *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d

253, 257 (5th Cir.1997) (submit expert reports); *Geiserman v. MacDonald*, 893 F.2d 787, 790

(5th Cir.1990) (designate expert witnesses); *S & W Enters., LLC*, 315 F.3d at 536 (amend the

pleadings).

<u>**Discussion**</u>

In compliance with the scheduling order, plaintiff filed his witness list on April 18, 2016.

(Witness List [doc. # 22]).  Included as will-call witnesses were two previously undisclosed

witnesses:  John Braud, M.D., Radiologist, and Troy Shows, Therapist.  *Id.*  Liberty Mutual

contends that these witnesses should not be permitted to testify at trial because, although Liberty

Mutual was aware that they had been involved with Wilson's treatment, plaintiff did not timely

identify them as prospective trial witnesses.

Plaintiff's counsel attributes the late disclosure to his late receipt of Liberty Mutual's

IME on  February 22, 2016.  Thereafter, it took some time for plaintiff to identify and confirm

that these witnesses could provide information to rebut the opinions of Liberty Mutual's IME.

Plaintiff maintains that he identified the two witnesses within 60 days after receipt of Liberty

Mutual's IME, and within 30 days after plaintiff first confirmed that their testimony would be

helpful.  In any event, plaintiff contends that he intends to call these witnesses only in rebuttal,

and therefore, they need not be included on any witness list.

The court finds that plaintiff should have amended or supplemented his prior witness list and discovery responses to identify these two witnesses *as soon as* he identified the need to call them at trial.  Furthermore, although Rule 26(a) exempts disclosure of witnesses to be used solely for purposes of impeachment, neither this court's scheduling order, nor Rule 26(b) does so.

The court further finds, however, that the testimony from these witnesses is potentially important to contradict the impressions of defendant's IME.  Thus, while Liberty Mutual clearly will suffer prejudice by the late identification of these witnesses, any prejudice may be redressed by permitting Liberty Mutual to take their depositions between now and trial, or otherwise briefly continuing the trial to afford time to effect same.  Given plaintiff's mistaken, but apparently sincere belief that rebuttal/impeachment witnesses need not be disclosed, the court declines to impose any of the various remedies and sanctions authorized by Rule 37(c)(1).

<u>Conclusion</u>

For these reasons,

IT IS ORDERED that defendant's motion  to strike two previously undisclosed witnesses [doc. # 26] is hereby DENIED.

In Chambers, at Monroe, Louisiana, this 28th day of April 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE