UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MICHAEL WILSON** | \* | **CIVIL ACTION NO. 15-1416** |
| **VERSUS** | \* | **MAG. JUDGE KAREN L. HAYES** |
| **LIBERTY MUTUAL INSURANCE COMPANY** | \* | |

## MEMORANDUM ORDER

Before the court is an out-of-time motion in limine to exclude Dr. Bilderback's testimony [doc. # 30] filed by plaintiff Michael Wilson, and a motion for leave to use Dr. Bilderback's deposition at trial [doc. # 33] filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual"). The former motion is opposed [doc. # 34], the latter is not. For reasons assigned below, plaintiff's motion is provisionally DENIED; defendant's motion is provisionally GRANTED.

## Law

Succinctly stated,

> [a] motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir.1977) (citation omitted).

Here, the underlying basis for plaintiff's motion in limine is grounded in Rules 26, 45, and 37, plus the court's scheduling order.

Rule 45 of the Federal Rules of Civil Procedure provides that,

> [a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in

> the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed.R.Civ.P. 45(d)(2)(B).

Furthermore, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: **(i)** fails to allow a reasonable time to comply; . . . or **(iv)** subjects a person to undue burden. Fed.R.Civ.P. 45(d)(3(A).

A party is obliged to supplement information provided during its expert's deposition when that expert is required to issue a report. Fed.R.Civ.P. 26(e)(2).

Of course,

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed.R.Civ.P. 37(c)(1).

Finally, "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or

trial or is outside the United States . . ." Fed.R.Civ.P. 32(a)(4)(B).

## Discussion

The court finds that, at the time of trial, Dr. Bilderback will be more than 100 miles away from the place of trial.  Thus, to the extent that he otherwise is allowed to testify, *see* discussion, *infra*, Liberty Mutual will be permitted to use his deposition at trial, in lieu of live testimony.  *In re Jacoby Airplane Crash*, Civ. Action No. 99-6073, 2007 WL 559801, at *8 (D. N.J. Feb. 14, 2007) (discretion under Rule 32(a)(4)(B) is left to the party, not the court).

Nevertheless, plaintiff retains the ability to discover potentially relevant information from Dr. Bilderback as to the cases that he has testified in as an expert, either at trial or by deposition, during the previous four years.[1]  Furthermore, because plaintiff sought this information, or the IME billing records from which this information may be derived, at Dr. Bilderback's deposition, Liberty Mutual is obliged to update plaintiff with this missing information. Fed.R.Civ.P. 26(e)(2).

The court notes that plaintiff issued the records subpoena to Dr. Bilderback on April 14, 2016, – two business days before his April 18, 2016, records deposition.  Thus, it did not allow a reasonable time for him to comply.[2]  Accordingly, on or before May 4, 2016, Dr. Bilderback, shall provide to plaintiff's counsel, via defense counsel, a list of cases in which, during the previous four years he has testified as an expert at trial or by deposition.[3]  Alternatively, if this

---

[1] Although the court's scheduling order excuses the requirement to include this information in the expert's report, it does not prohibit the opposing party from seeking the information via discovery.

[2] Albeit, there is no indication that Dr. Bilderback objected to the subpoena, or otherwise filed a motion to quash.

[3] A cursory Westlaw search uncovered a substantial number of evaluations performed by Dr. Bilderback mostly in workers' compensation cases.

proves unduly burdensome, Dr. Bilderback shall, by the same date, provide plaintiff's counsel, via defense counsel, with copies of his IME billing records for the past four years, with confidential information redacted. *See* Fed.R.Civ.P. 45(d)(3) (court may modify a subpoena).[4]

Thereafter, if a supplemental deposition is needed, Dr. Bilderback shall make himself available prior to the trial date. If he is unable to do so, then plaintiff may petition the court for permission to issue a subpoena requiring his appearance at trial.[5] Alternatively, if necessary to accommodate schedules, the parties may seek a brief continuance of the trial date.

## Conclusion

For these reasons,

IT IS ORDERED that defendant's motion to use Dr. Bilderback's deposition at trial [doc. # 33] is provisionally GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion in limine to exclude Dr. Bilderback's testimony [doc. # 30] is provisionally DENIED.

In Chambers, at Monroe, Louisiana, this 28th day of April 2016.

                                                                            KAREN L. HAYES
                                                                            UNITED STATES MAGISTRATE JUDGE

---

[4] If Dr. Bilderback is unwilling or unable to provide the necessary information, then the court may not permit him to testify at trial. Fed.R.Civ.P. 37(c)(1). If so, then defendant may seek a continuance of the trial in order to obtain another IME. However, any deposition of the new IME will be conducted at Liberty Mutual's expense.

[5] Thus far, it has not been established that Dr. Bilderback resides more than 100 miles from the Monroe courthouse, or that he otherwise would incur a substantial expense if commanded to attend a trial 104 miles away from his place of work (as opposed to 100 miles away). *See* Fed.R.Civ.P. 45(c)(1)(A) & (B).